IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MARTHA GEORGE | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:11cv47 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |

ORDER OF DISMISSAL

The Report and Recommendation ("R&R") of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this action, has been presented for consideration. The R&R recommends that the above-captioned case be dismissed with prejudice. Plaintiff has filed written objections.

Although Plaintiff has broken her objections down into five major headings, its central theme repeats several times that the Administrative Law Judge ("ALJ") did not consider the reports in 2004 of Chet Nix, D.C. *See* Objections at 2 (issue I), 3 (issue II), 6 (issue III) and 7-9 (issue IV). Dr. Nix is a chiropractor who treated Plaintiff between October and December 2004 and prepared three evaluations during that time, describing her reports of pain but also stating that she improved over the period. As a chiropractor, however, Dr. Nix is not an "acceptable medical source" under governing Social Security regulations. *See* 20 C.F.R. § 404.1513(a). Instead, he is an "other source." *See id.*, § 404.1513(d)(1). An other source opinion need not be given the weight of a treating or examining physician. *See Thibodeaux v. Astrue*, 324 Fed. Appx. 440, 445 (5th Cir. 2009) (per curiam). "Only 'acceptable medical sources' can establish the existence of a medically determinable impairment, give medical opinions, and be considered treating sources whose medical

opinions may be entitled to controlling weight." *See id*. (citing SSR 06-03p, 2006 WL 2329939, at *2); *Mitchell v. Astrue*, 2012 WL 2368508, at *6 (W.D. Tex. June 21, 2012) (same). Reliance on the opinion of a chiropractor, or any "other source," is permissive. *See Buchanan v. Astrue*, 2010 WL 420546, at *9 (E.D. La. Jan. 28, 2010) (citing, *inter alia*, § 404.1513(d)(1)); *see also Porter v. Barnhart*, 200 Fed. Appx. 317, 319 (5th Cir. 2006) (per curiam) (ALJ did not err in failing to consider the opinion of a chiropractor because a chiropractor is not an acceptable medical source). Therefore, to the extent that Plaintiff contends that the ALJ in this case improperly failed to consider Dr. Nix's reports, her reliance is misplaced. In fact, her argument that Dr. Nix's reports constitute "opinion evidence," *see* Objections at 3, is negated by the language above. *See* SSR 06-03p, at *2 ("only 'acceptable medical sources' can give us medical opinions.'"). Nonetheless, given that reliance on a chiropractor's records is permissive, there is no inconsistency with the fact that the ALJ here did consider and discuss the considerably longer and more detailed record of treatment Plaintiff received from Luther Bratcher, D.C., between 2002 and 2009.

Plaintiff also contends that simply because the ALJ gave greater weight to the opinion of the State Agency medical consultant's report, he must have necessarily given it controlling weight. Objections at 4-5. That is untrue. Controlling weight is a term of art that is determined by considering factors under 20 C.F.R. § 404.1527(c)(2). Simply giving an opinion greater weight than another does not necessarily give it controlling weight; in fact, in some instances, no medical source opinion will be given controlling weight.

Plaintiff also asserts in her final issue that the R&R incorrectly states that the ALJ discussed the range-of-motion findings by Dr. Tibiletti. Objections at 11. While that is true in the strictest sense, the ALJ reported that Plaintiff received treatment for her neck, back and shoulder pain from Dr. Tibiletti and cited the exhibit including her progress notes. Those progress notes, as pertinent

2

to Plaintiff's complaints of back and neck pain, included Dr. Tibiletti's findings as to Plaintiff's range of motion in the cervical, thoracic and lumbar spine. To the extent that the ALJ did not explicitly use the words "range of motion" when discussing Dr. Tibiletti's treatment, "[p]rocedural perfection in administrative proceedings is not required. This court will not vacate a judgment unless the substantial rights of a party have been affected." *Mays v. Bowen*, 837 F.2d 1362, 1364 (5th Cir.1988). Furthermore, even if there were other findings as to Plaintiff's ranges of motion at other points in time, it is up to the ALJ to resolve conflicts in the evidence. *Spellman v. Shalala*, 1 F.3d 357, 360 (5th Cir. 1993) (citing *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)). A range of motion by itself does not define a disability, as Plaintiff seems to suggest.

Having made a *de novo* review of the objections filed by Plaintiff, the Court finds that the findings, conclusions and recommendation of the Magistrate Judge are correct. The findings and conclusions of the Magistrate Judge are therefore adopted as those of the Court and Plaintiff's objections will be overruled.

In light of the foregoing, it is

**ORDERED** that Plaintiff's objections are hereby **OVERRULED**. It is further

**ORDERED** that the complaint is hereby **DISMISSED** with **PREJUDICE**. It is further

**ORDERED** that any motion not previously ruled on is **DENIED**.
**It is SO ORDERED.**

**SIGNED this 21st day of August, 2012.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE